# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:10CR132-001

United States of America

v.

Timothy Jermel Hightower
                        Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed January 24, 2011, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on January 24, 2001, before The Honorable Charles R. Butler, U.S. District Judge of the Southern District of Alabama, after pleading guilty to the offense of conspiracy to possess with intent to distribute crack cocaine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of IV, was 235 to 293 months. Defendant was subsequently sentenced to 118 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions: drug aftercare; substance abuse testing; and a $100 special assessment.

## II. The Period of Supervision

On July 11, 2008, defendant completed his period of imprisonment and began service of the supervision term. On May 15, 2009, defendant's case was transferred from the Southern District of Alabama, case no 00-00112-001, to the Middle District of Florida, new case no 3:09-CR-112-J. On November 18, 2010, while on supervised release for case no 3:09-CR-112-J in the Middle District of Florida, defendant was sentenced to 90 months imprisonment to be followed by a 5 year term of supervised release pursuant to his conviction in the Eastern District of Texas for the offense of possession with intent to distribute 5 kilograms or more of cocaine, case no 1:10CR41-001.

On November 19, 2010, defendant's case was transferred from the Middle District of Florida to the Eastern District of Texas, new case no 1:10CR132-001. The case was assigned to the Honorable Marcia A. Crone, U.S. District Judge of the Eastern District of Texas.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on January 24, 2011. The petition alleges that defendant violated the following conditions of release:

1. Mandatory Condition: Defendant shall not commit another federal, state, or local crime.

As grounds, the petition alleges that: 1. On November 18, 2010, defendant was sentenced to 90 months imprisonment to be followed by a 5 year term of supervised release pursuant to his conviction in the Eastern District of Texas for the offense of possession with intent to distribute 5 kilograms or more of cocaine, case no 1:10CR41-001.

## IV. Proceedings

On May 12, 2011, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant agreed to plead "true" to the allegation that he violated a mandatory condition of supervised release by failing to not commit another federal, state, or local crime. The parties also agreed that the court should revoke defendant's supervised release and impose 37 months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pled "true" to the allegation that he violated a mandatory condition of supervised release by committing another federal, state, or local crime.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release.

According to Title 18 U.S.C. § 3583(g)(1), if a defendant possesses a controlled substance in violation of the conditions set forth in subsection (d), the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). The original offense of conviction was a Class A felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 5 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by committing another federal, state, or local crime, defendant will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade A violation and a

criminal history category of IV, the guideline imprisonment range is 37 to 46 months.

According to U.S.S.G § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

Defendant pled "true" to the allegation that he violated a mandatory condition of supervised release by failing to not commit another federal, state, or local crime. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). Defendant's violation is a Grade A violation, and defendant's criminal history category is IV. Policy guidelines suggest 37 to 46 months imprisonment upon revocation. Defendant has demonstrated an inability to adhere to conditions of supervision. Defendant did not comply with the conditions of his supervision by committing another federal, state, or local crime. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by committing another federal, state, or local crime, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 37 months to be served consecutively to any sentence of imprisonment that the defendant is serving.

4. Upon release of imprisonment, defendant should not be placed on supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __17__ day of May, 2011.

_____
Earl S. Hines
United States Magistrate Judge